# NO. 12-09-00351-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CYNTHIA GAIL SHEPARD,* *APPELLANT* | § | *APPEAL FROM THE 173RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Cynthia Gail Shepard appeals her conviction for indecency with a child. Appellant's counsel has filed a brief asserting compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We dismiss the appeal.

### BACKGROUND

A Henderson County grand jury returned an indictment against Appellant alleging in two counts that she committed the felony offense of indecency with a child.[1] Appellant pleaded guilty to the first count, a second degree felony, and the State agreed to abandon the second count.[2]

Appellant elected to have a jury assess her sentence. After a trial, the jury found her guilty and assessed punishment at imprisonment for fifteen years. This appeal followed.

---

[1] *See* TEX. PENAL CODE ANN. § 21.11 (Vernon Supp. 2011).

[2] In the first count, the grand jury alleged that Appellant committed indecency with a child by engaging in sexual contact with the child. *See id*. § 21.11(a)(1).

1

<u>ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*</u>

Appellant's counsel has filed a brief in compliance with ***Anders*** and ***Gainous***. Counsel states that he has diligently reviewed the appellate record and that he is well acquainted with the facts of this case. In compliance with ***Anders***, ***Gainous***, and ***High v. State***, 573 S.W.2d 807 (Tex. Crim. App. 1978), counsel's brief presents a thorough chronological summary of the procedural history of the case and further states that counsel is unable to present any arguable issues for appeal.[3] *See* ***Anders***, 386 U.S. at 745, 87 S. Ct. at 1400; *see also* ***Penson v. Ohio***, 488 U.S. 75, 80, 109 S. Ct. 346, 350, 102 L. Ed. 2d 300 (1988).

We have considered counsel's brief and have conducted our own independent review of the record. We found no reversible error. *See* ***Bledsoe v. State***, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

<u>CONCLUSION</u>

As required, Appellant's counsel has moved for leave to withdraw. *See* ***In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); ***Stafford v. State***, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We are in agreement with Appellant's counsel that the appeal is wholly frivolous. Accordingly, his motion for leave to withdraw is hereby ***granted***, and we ***dismiss*** this appeal. *See* ***In re Schulman***, 252 S.W.3d at 408–09 ("After the completion of these four steps, the court of appeals will either agree that the appeal is wholly frivolous, grant the attorney's motion to withdraw, and dismiss the appeal, or it will determine that there may be plausible grounds for appeal.").

Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See* ***In re Schulman***, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any

---

[3] Counsel for Appellant states in his motion to withdraw that he provided Appellant with a copy of this brief. Appellant was given time to file her own brief in this cause. The time for filing such a brief has expired, and we have received no pro se brief.

2

petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered June 30, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)